RECEIVED
NOV 21 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| FIRST NATIONAL BANK OF JEANERETTE | CIVIL ACTION NO. 08-0913 |
| VERSUS | JUDGE DOHERTY |
| LAWYERS TITLE INSURANCE COMPANY | MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING

Pending before this Court is the Rule 12(b)(6) Motion to Dismiss filed by defendant Lawyers Title Insurance Company ("LTIC") [Doc. 7]. The motion is opposed by plaintiff, First National Bank of Jeanerette ("the Bank") [Doc. 9], and LTIC has filed a reply brief [Doc. 12]. For the following reasons, LTIC's Motion to Dismiss is DENIED

The crux of the Bank's complaint in this lawsuit is as follows: The Bank alleges it provided mortgage financing to two individuals purchasing property in New Iberia, Louisiana. In connection with the issuance of that mortgage, the Bank required lender's title insurance as a condition of financing, and LTIC issued a "Commitment for Title Insurance," as well as a "Short Form Residential Loan Policy" to the Bank. The Bank alleges it issued the financing to the property purchasers with the intent to sell the mortgage to another lender, "in reliance on the title status as reflected in the title commitment." The Bank contends when it attempted to sell the mortgage on the secondary mortgage market, it learned the mortgage is not marketable because of a federal tax lien on the property that had not been disclosed by LTIC. The Bank contends LTIC is liable to it for all damages suffered as a result of the pre-recorded federal tax lien and LTIC's alleged failure to disclose the lien to the Bank.

In the instant motion to dismiss, LTIC seeks dismissal of the Bank's claims on two main grounds: (1) the Bank has no claim under its lender's title insurance policy because it has not suffered an *actual loss*; and (2) LTIC cannot be held liable because the mortgage and note granted to the property purchasers was allegedly "unmarketable," because the mortgage debt is not insured under the title insurance policy. In its opposition brief, the Bank responds that LTIC has presented no legal support for its claim the Bank must show an actual loss to recover under the policy and further points to various portions of both the "Commitment for Title Insurance" and the "Short Form Residential Loan Policy" in support of its position that coverage exists for the Bank's loss.

As an initial matter, this Court notes the instant motion is filed as a Rule 12(b)(6) motion to dismiss. Notwithstanding the foregoing, numerous documents – including a title insurance policy and certain loan documents – are attached to the motion as exhibits. Whether the attachment of such documents should result in the conversion of the motion to a motion for summary judgment is not clear to this Court.[1] Although the Court is aware some of the documents were attached to the original petition filed in state court and could, therefore, be considered as part of the pleadings (which would not result in a conversion of the instant motion to dismiss to a motion for summary judgment), the *Bank* also has attached to its opposition brief a document that appears to be material to this Court's consideration of the issues. It appears to this Court the Bank's exhibit would *not* be

---

[1] Rule 12 of the Federal Rules of Civil Procedure states the following:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed.R.Civ.P 12(b).

considered part of the pleadings and could, potentially, require the motion to dismiss to be converted to a motion for summary judgment. However, whether the instant motion should properly be considered as a motion to dismiss or a motion for summary judgment need not be determined by the Court at this time, because the Court concludes under either procedural vehicle, the instant motion would fail for the parties' failure to carry their burdens.

Whether filed as a motion to dismiss or a motion for summary judgment, this Court finds neither party – and particularly LTIC, the moving party – has carried its burden. First, this Court notes the moving party has not identified for this Court what law applies. Although the Bank in its opposition alleges Louisiana *substantive* law applies, LTIC does not address the issue of the applicable, governing law at all. Rather, LTIC cites to cases decided by federal circuits outside the Fifth Circuit and to various district courts outside the Fifth Circuit, which is of little help to this Court if, indeed, Louisiana substantive law applies. As the parties have failed to identify the applicable law that governs the issues presented in this motion, this Court cannot resolve those issues. Thus, from a legal standpoint, the parties have failed to carry their burden.

Furthermore, to the extent the resolution of the issues falls to interpretation of a particular policy(ies) of insurance or loan document(s), it is not clear to this Court whether the parties have provided the entirety of the policies and/or documents, and -- if more than one document is at issue – how those documents interrelate, if at all. Moreover, neither party has identified the precise nature of the services that were allegedly provided by LTIC, that is, whether LTIC merely sold an insurance policy or was also retained to issue a title opinion. Consequently, this Court concludes the parties have failed to carry their burdens from a factual standpoint as well.

The foregoing are merely illustrative – and are in no way exhaustive – examples of how the

3

parties have failed to adequately present their issues to this Court for its consideration.

Considering the foregoing, it is ORDERED that the Motion to Dismiss filed by defendant Lawyers Title Insurance Company (Doc. 7) is DENIED for failure of the parties to carry their burdens.

IT IS FURTHER ORDERED that, **on or before December 5, 2008**, each party shall file a two-page pocket brief addressing the applicable law in this matter, citing to the applicable statutes and/or jurisprudence that governs the issues in this case. Citations to cases must include pinpoint citation (that is, citations to the page on which the specific language relied upon is located).

IT IS FURTHER ORDERED that the parties are to file an outline of claims, in the manner prescribed in the attached format for outlines. The plaintiff's outline is due **on or December 19, 2008.** The defendant's responsive outline is due **on or before January 9, 2009.**[2] To the extent cases are cited, pinpoint citations are required. Additionally, if the parties cite to an insurance policy or other document, the parties shall certify that the entirety of the document has been provided to the Court. Furthermore, any document presented for this Court's consideration shall be Bates-stamped or otherwise uniformly numbered, and when citing to the document, the parties shall identify the document by title, Bates stamp or other number, and line.[3]

IT IS FURTHER ORDERED that neither party may file a dispositive motion until the Court has reviewed the foregoing outlines and has informed the parties that dispositive motions may be

---

[2] This Court is aware it may not be necessary at this point in the litigation for the parties to identify witnesses and exhibits that will be used to prove up each claim, as the period for discovery has not commenced in this matter. To the extent the parties do not have that information at this time, they shall so state in their outlines.

[3] If the parties are unable to identify particular portions of an insurance policy or loan document by line, they shall identify the portion of the document by paragraph *or in some other manner that specifically identifies for this Court the applicable portion of the document being referenced.* This Court notes the manner in which the insurance and/or loan documents were referenced in the instant motion was not adequate.

filed.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 21 day of November, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE